UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,                              )
an individual,                             )
                                           )      CASE NO.: 1:25-cv-2247
                    Plaintiff,             )
vs.                                        )
                                           )
RGMZ MERCHANTS' SQUARE OP 1 LLC,           )
a Delaware Limited Liability Company,      )
                                           )
                    Defendant.             )
_____   )

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues RGMZ MERCHANTS' SQUARE OP 1 LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

1

4.      Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5.      Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair or walker depending on his level of pain and fatigue on a daily basis.[1]

6.      Defendant, RGMZ MERCHANTS' SQUARE OP 1 LLC, (hereinafter referred to as "Defendant"), is a Delaware Limited Liability Company registered to do business in the State of Indiana.  Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subject of this action, to wit: the "Property", which includes a PNC Bank generally located at 2274 E 116th St, Carmel, IN 46032.  Defendant is responsible for complying with the obligations of the ADA.  Although the parcel owned by Defendant includes several buildings, this claim only concerns the PNC Bank building and its corresponding parking lot within the greater parcel.

7.      All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, which includes a PNC Bank branch, is open to the public and provides goods and services to the public.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

10.    Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to utilize the goods and services offered at the Property because he is a PNC account holder and uses banking services offered there when he is in the area to visit with friends and business associates.  Plaintiff last visited the Property in late October of 2025 and plans to return to the Property in the near future to utilize banking services which are located there.

11.    While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12.    MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13.    Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

A.    Plaintiff encountered two (2) intended ADA parking spaces near the front entrance of the PNC Bank which were not accessible due to slopes well in excess of 1:48. Specifically, each of these parking spaces were obstructed by a large built-up curb ramp which protrudes into their shared access aisle. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize any of the disabled use parking spaces during his visits due to the uneven ground surfaces.

3

B.    Plaintiff encountered an inaccessible curb ramp leading from the intended ADA parking spaces to the front entrance of the PNC Bank due to steep running slopes, steep side flare slopes, a lack of smooth transitions and, as noted above, because it protrudes into the ADA parking spaces. These issues made it difficult and dangerous for Plaintiff to maneuver over the ramp to reach the bank entrance using his wheelchair.

C.    Plaintiff encountered an inaccessible doorway to exit the PNC Bank from inside the vestibule where the ATMs are located due to a heavy door and the lack of a button to automatically open the door from the inside. (*there is a button on the exterior to open the door from the outside).

14.    Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.  These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15.    Independent of his intent to return as a patron to the Property because he is a PNC Bank account holder, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.     That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated: November 3, 2025.

                              Respectfully Submitted,

                        By:     *Louis I. Mussman*          .
                              Louis I. Mussman, Esq.

5

Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com